UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

ANITA FINN, )
)
       Plaintiff, ) No. 13 cv 2027 EJM
vs. )
) ORDER
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL )
SECURITY, )
       Defendant. )
)

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income benefits. Briefing concluded September 26, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an effective onset date of January 22, 2010, Ms. Finn claims disability due to seizure disorder, bilateral hearing loss, carpel tunnel syndrome on the right hand, substance abuse disorders, cervical and lumbar degenerative disc disease, and cognitive disorder related to traumatic brain injury. An Administrative Law Judge (ALJ) held a hearing on plaintiff's claim on October 17, 2011. On December 14, 2011, the ALJ issued her decision, holding against the plaintiff. On February 11, 2013, the Appeals Council denied plaintiff's request for review. Having thus exhausted her administrative remedies, plaintiff filed a complaint in this court on April 8, 2013.

Plaintiff asserts the ALJ failed to give sufficient weight to the opinion of the treating psychiatrist, William Crowley, M.D., who examined plaintiff, and also of Dr. Carroll Roland, Ph.D. and Polly Binger, MA, LMSW. Plaintiff also asserts that the ALJ failed to adequately weigh her subjective account of her symptoms. Accordingly, plaintiff asserts that the Commissioner's decision is not supported by substantial evidence as a whole on a sufficiently developed evidentiary record.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review, the court finds that the ALJ failed to afford adequate weight to the views of plaintiff's treating psychiatrist. In September 2011, Dr. Crowley completed Medical Impairment Interrogatories (Tr. 616-21), noting that plaintiff had moderate limitations in twelve categories of mental functioning, and marked limitations in working with detailed instructions and maintaining concentration for extended periods of time. (Tr. 620.)

If a treating medical expert's opinion is supported by the record, which it is in this case, it must be given controlling weight, i.e. it must be adopted. 20

C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); Kelley v. Callahan, 133 F.3d 583, 589 (8th Cir. 1998.) There is no testimony from a psychiatrist, treating or even non-treating, to contradict Dr. Crowley's testimony, which remains unopposed (by expert testimony.)

The record is also not sufficiently developed to allow the ALJ to discount the testimony of the sole treating and testifying psychiatrist because he allegedly failed to segregate the effects of alcohol from his diagnosis. The ALJ had little or no evidence regarding the impact or "materiality" of this factor. Brueggemann v. Barnhart, 348 F.3d 689, 694 (8th Cir. 2003) ("in colloquial terms, on the issue of materiality of alcoholism, a tie must go to the claimant.")

20 C.F.R. section 416.927(d) sets forth factors that give Dr. Crowley's opinion significant or controlling weight, and there is no opposing psychiatric testimony to contradict it. Dr. Crowley had been treating Ms. Finn at his clinic for seven years. The cognitive limitations assigned by Dr. Crowley are consistent with plaintiff's prior reports to medical providers (Tr. 62-64, 347.) They are consistent with Ms. Finn's unsuccessful work history, and the reasons for that. Tr. 63, 483.) They are consistent with his own prior notes, going back years, as well as with those of Doctors Springer and Roland. Clearly Dr. Crowley's opinions are consistent with the record in this case.

Accordingly, on balance, the ALJ failed to give sufficient weight to the medical opinion of the sole treating and sole testifying psychiatrist, and thus her

3

decision is not supported by the record as a whole. This matter shall be reversed and remanded for further consideration of the opinion of the treating psychiatrist, the remainder of the medical record relating to his opinion, the extent of plaintiff's job skills and residual functional capacity.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

October 4, 2013

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT